JOHN L. BURRIS, Esq., SBN 69888
ADANTE D. POINTER, Esq., SBN 236229
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Center
7677 Oakport St., Suite 1120
Oakland, California 94621
Telephone:   (510) 839-5200
Facsimile:    (510) 839-3882
John.Burris@johnburrislaw.com
Adante.Pointer@johnburrislaw.com




UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

CHRIS HILL, as personal representative of the ESTATE OF CHARLES HILL; The ESTATE OF CHARLES HILL

Plaintiff,

vs.

BAY AREA RAPID TRANSIT DISTRICT, a municipal corporation; KENTON W. RAINEY in his official capacity as CHIEF of POLICE for BAY AREA RAPID TRANSIT DISTRICT; JAMES CROWELL individually and in his official capacity as a Police Officer for BAY AREA RAPID TRANSIT DISTRICT; MYRON LEE individually and in his official capacity as a Police Officer for BAY AREA RAPID TRANSIT DISTRICT; DOES 1-50, inclusive; individually and in their official capacities as POLICE OFFICERS for BAY AREA RAPID TRANSIT DISTRICT

Defendants.

Case No.: C12-00372 DMR

COMPLAINT FOR DAMAGES
(42 U.S.C §§ 1983; and pendant tort claims)

JURY TRIAL DEMANDED

Complaint for Damages - 1

## INTRODUCTION

1. This case arises out of the wrongful death of forty-five year old Charles Hill at the hands of two Bay Area Rapid Transit District Police Officers during the night of July 3, 2011.

## JURISDICTION

2. This action arises under Title 42 of the United States Code, Section 1983. Jurisdiction is conferred upon this Court by Title 42 of the United States Code, Section 1331 and 1343. The unlawful acts and practices alleged herein occurred in the City of San Francisco, County of San Francisco, California, which is within this judicial district.

## PARTIES

3. At all times mentioned herein, Plaintiff CHRIS HILL is a competent adult and a United States Citizen. Plaintiff is the surviving brother of decedent, CHARLES HILL. Plaintiff appears as the personal representative of the ESTATE OF CHARLES HILL pursuant to California Code of Civil Procedure 377.30.

4. Plaintiff CHRIS HILL is a successor-in-interest to the ESTATE OF CHARLES HILL, including the manner in which successor-in-interest is defined by California Code of Civil Procedure section 377.11 and elsewhere and is entitled to maintain causes of action which survive the death of CHARLES HILL under California Code of Civil Procedure Section 377.30.

5. Plaintiff, THE ESTATE OF CHARLES HILL, appears by and through its personal representative CHRIS HILL and may maintain causes of action and recover damages for the value of Decedent's life and Decedent's pain and suffering.

6. Defendant BAY AREA RAPID TRANSIT DISTRICT ("BART") is and at all times herein mentioned, a governmental entity duly organized and existing under the laws of the State of California. BART operates the Bay Area Rapid Transit District Police Department ("BART PD").

7. At all times mentioned herein, Defendant KENTON RAINEY ("CHIEF RAINEY"), was

and is the Chief of Police for the Bay Area Rapid Transit District Police Department and is being sued in his official capacity.

8. At all times mentioned herein, Defendant JAMES CROWELL ("OFFICER CROWELL"), was and is a Police Officer for the Bay Area Rapid Transit District Police Department and is sued in his individual and official capacities.

9. At all times mentioned herein, Defendant MYRON LEE ("OFFICER LEE"), was and is a Police Officer for the Bay Area Rapid Transit District Police Department and is sued in his individual and official capacities.

10. Plaintiff is ignorant of the true names and/or capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff believes and alleges that each of the DOE Defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy, and excessive force. Each Defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission. Plaintiff will ask leave to amend this complaint subject to further discovery.

11. In doing the acts alleged herein, Defendants, and each of them acted within the course and scope of their employment.

12. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

13. Due to the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, and employee and/or in concert with each of said other Defendants herein.

14. For State causes of action related to Federal claims, Plaintiff is required to comply with

an administrative claim requirement under California law. Plaintiff has complied with all applicable requirements.

## FACTS

15. On Sunday, July 3, 2011 at approximately 9:45 p.m., Mr. Charles Hill was celebrating the eve of America's Independence Day in San Francisco's Civic Center BART Station. Mr. Hill was a small, disheveled-looking middle aged white man. He stood a mere 5'6" tall and weighed a spindly 150 pounds. That night he was wearing pants, a tie-dye shirt and sporting a long grey beard. His appearance did not inspire fear in the people around him. Nevertheless, Mr. Hill drew the attention of authorities due to his possession of an open container of alcohol and his somewhat drunken demeanor on the Civic Center Station Platform.

16. Accordingly, a BART employee reported Mr. Hill to BART Police dispatch. The employee told dispatch that there was a man (Mr. Hill) wearing a tie-dye shirt who was holding an open bottle of alcohol on the Platform. While the BART employee went on to describe Mr. Hill as being inebriated and wobbling about the platform, the employee did not mention that Mr. Hill appeared armed, or that he was a threat to anyone. Indeed, eyewitnesses to the incident described Mr. Hill as a "Drunk Hippie."

17. Armed with the knowledge that they would be confronting a person described as middle-aged, drunken homeless man, Officers CROWELL and LEE arrived at Civic Center BART Station. When the Officers exited their train, they saw a multitude of passengers milling about the platform who were not acting in a manner consistent with perceiving Mr. Hill as a threat to their safety. The Officers were initially more than 15 feet away from Mr. Hill who was still holding the bottle of alcohol when they arrived on the platform.

18. Upon seeing Mr. Hill, Officer CROWELL pulled out his gloves. Next, the Officers immediately escalated the situation by shouting conflicting and confusing commands at Mr. Hill. Mr. Hill responded by throwing down his bottle of alcohol. Officer CROWELL further escalated the situation by pulling his firearm and aiming it at Mr.

Complaint for Damages - 4

Hill. Mr. Hill responded to the Officers' aggressiveness by slowly walking "like Frankenstein" toward them.

19. At this point in time, Mr. Hill was holding a small, fold-out knife over his head and threw it in the direction of Officer CROMWELL. The knife missed Officer CROMWELL by a large margin and skipped to the left of his foot and bounced off the side of the train. Inexplicably, Officer CROMWELL unlawfully shot Mr. Hill three times in the chest, mortally wounding him and ultimately causing his death, even though the immediate threat of harm to Officer CROMWELL had already passed and Mr. Hill was standing 15 to 20 feet away from him.

20. Plaintiff is informed and believes and thereon alleges that BAY AREA RAPID TRANSIT DISTRICT, CHIEF RAINEY, and DOES 26-50, inclusive, breached their duty of care to the public in that they have failed to discipline Defendant Officers JAMES CROMWELL, MYRON LEE and DOES 1-25 inclusive, for their respective misconduct and involvement in the incident described herein. Their failure to discipline Defendant Officers CROMWELL, LEE and DOES 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference the making of improper detentions and arrests, the use of excessive and/or deadly force and the fabrication of official reports to cover up Defendant Officers CROMWELL, LEE and DOES 1-25's inclusive, misconduct.

21. Plaintiff is informed and believes and thereon alleges that BART, CHIEF RAINEY and DOES 26-50 inclusive, breached their duty of care to the public in that they failed to adequately and properly train Defendant Officers JAMES CROMWELL, MYRON LEE and DOES 1-25 inclusive, using reality based training techniques, workshops and simulations. Their failure to adequately and properly train Defendant Officers JAMES CROMWELL, MYRON LEE and DOES 1-25 inclusive, demonstrates the existence of an entrenched culture, policy or practice of promoting, tolerating and/or ratifying with deliberate indifference, the making of improper detentions and arrests along with the use of excessive and/or deadly force. Plaintiff is informed and believes and thereon alleges

that BART, CHIEF RAINEY and DOES 26-50, inclusive breached their duty of care to the public in that they failed to adequately and properly train Defendant Officers JAMES CROWELL, MYRON LEE and DOES 1-25 inclusive, in the proper making of detentions, arrests and use of force against emotionally disturbed and/or mentally impaired persons. This lack of adequate supervisorial training demonstrates the existence of an informal custom, policy or practice of promoting, tolerating, and/or ratifying with deliberate indifference the continued making of unlawful detentions, arrests, and use of excessive force against emotionally disturbed and/or mentally impaired detainees by BART police officers.

22. Plaintiff is informed and believes and thereon alleges that members of the BART Police Department, including, but not limited to, Defendant Officers CROWELL, LEE, and/or DOES 1-25 and/or each of them, have individually and/or while acting in concert with one another, engaged in a repeated pattern and practice of making improper detentions and/or false arrests and using excessive, arbitrary and/or unreasonable force against individuals, including, but not limited to Decedent, Charles Hill.

23. Plaintiff is further informed and believes and thereon alleges that as a matter of official policy Defendant BART has long allowed its patrons, such as the decedent, to be abused by its police officers, including JAMES CROWELL, MYRON LEE and/or DOES 1-25 and/or each of them, individually and/or while acting in concert with one another.

24. As a result of the pre-existing customs, policies, patterns and/or practices of such abuses by members of Defendant BART, Decedent and Plaintiff were subjected to the violation of their constitutional rights as alleged herein.

## DAMAGES

25. Plaintiff, ESTATE OF CHARLES HILL, by and through, CHRIS HILL, the personal representative of CHARLES HILL's estate, is entitled to recover wrongful death damages

pursuant to C.C.P. §§ 377.60 and 377.61 and Probate Code §6402(b). Additionally, Plaintiff is entitled to the reasonable value of funeral and burial expenses pursuant to C.C.P. §§ 377.60 and 377.61.

26. Plaintiff, ESTATE OF CHARLES HILL, is entitled to recover damages by and through CHRIS HILL, the personal representative of decedent's estate pursuant to the Estate's right of survivorship for the pain and suffering he endured as a result of the violation of his civil rights.

27. Plaintiff found it necessary to engage the services of private counsel to vindicate the rights of decedent and plaintiff's rights under the law. Plaintiff is therefore entitled to an award of attorneys' fees and/or costs pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C. §§§§ 1983, 1985-86 and 1988.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIRST CAUSE OF ACTION
### Violation of Fourth Amendment of the United States Constitution
### (42 U.S.C. §1983)
(Against Officers CROWELL and LEE)

28. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 27 of this complaint

29. Defendants' above-described conduct violated Decedent's right as provided for under the Fourth Amendment to the United States Constitution to be free from excessive force and/or the arbitrary and/or unreasonable use of deadly force against him.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SECOND CAUSE OF ACTION
### (Wrongful Death)
### (42 U.S.C. §1983)
(Against Officers CROWELL and LEE)

30. Plaintiff hereby re-alleges and incorporates by reference paragraphs 1 through 29 of this

Complaint.

31. Defendants acted under color of law by shooting and killing Decedent without lawful justification and subjecting Decedent to excessive force thereby depriving the Decedent of certain constitutionally protected rights, including, but not limited to:

   a. The right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution;
   b. The right not to be deprived of life or liberty without due process of law, as guaranteed by the Fourteenth Amendment to the United States Constitution;
   c. The right to be free from the use of excessive force by police officers, which is guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### THIRD CAUSE OF ACTION
### (Monell)
### (42 U.S.C. §1983)
### (Against BART, CHIEF RAINEY and DOES 26-50)

32. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 31 of this Complaint.

33. As against Defendants BART, CHIEF RAINEY, and/or DOES 26-50 and/or each of them, individually and/or in their capacities as official policy-maker(s) for BART, the Plaintiff further alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of Defendant BART Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of citizens, such as Plaintiff.

34. Plaintiff is informed and believes and thereon alleges that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by Defendants BART, CHIEF RAINEY, and DOES 26-50 and/or each of them,

Complaint for Damages - 8

to the repeated violations of the constitutional rights of citizens by BART police officers, which have included, but are not limited to, repeated acts of: making false reports, providing false and/or misleading information in causing detentions, arrests, imprisonments and/or malicious prosecutions based on fabricated and/or misleading statements and/or engaging in similar acts of misconduct on a repeated basis and failure to institute and enforce a consistent disciplinary policy.

35. Plaintiff is further informed and believes and thereon alleges that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by Defendants BART, CHIEF RAINEY, DOES 26-50 and/or each of them, to the repeated violations of the constitutional rights of citizens by BART police officers, which have included, but are not limited to, using excessive and/or deadly force on a repeated basis.

36. Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the proximate result of customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately hold officers accountable for their misconduct, the failure to properly and fairly investigate complaints about officers' misconduct, the failure to enact or adopt policies to ensure adequate and/or appropriate oversight of officers to prevent continuing violations of the rights of citizens.

37. Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the proximate result of customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately train officers using reality based training techniques, workshops and/or simulations.

38. Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the proximate result of customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately train officers in making detentions, arrests and/or using force against mentally impaired and/or emotionally disturbed

persons.

39. The aforementioned deliberate indifference, customs, policies or practices of defendants BART, CHIEF RAINEY, and DOES 26-50, and/or each of them, resulted in the deprivation of the constitutional rights of the Decedent and Plaintiff, including, but not limited to, the following:

   a. the right not to be deprived of life, liberty or property without Due Process of Law;
   b. the right to be free from unreasonable searches and/or seizures; and/or,
   c. the right to equal protection of the law.
   d. the right to familial relationships
   e. the right to enjoy civil and statutory rights

40. Said rights are substantive guarantees under the Fourth and/or Fourteenth Amendments to the United States Constitution.

41. As a result of the violation of their constitutional rights by Defendants BART, CHIEF RAINEY and/or DOES 26-50 and/or each of them, Plaintiff sustained the injuries and/or damages as alleged heretofore in this Complaint.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CAUSE OF ACTION
(Survival action: Violation of Decedent's Civil Rights)
(42 U.S.C. §1983)
(Against Officers CROWELL and LEE and DOES 1-50)

42. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 41 of this Complaint.

43. CHARLES HILL was forced to endure great conscious pain and suffering because of the Defendants' conduct before his death;

44. CHARLES HILL did not file a legal action before his death;

45. Plaintiff CHRIS HILL as personal representative of the ESTATE OF CHARLES HILL

claims damages for the conscious pain and suffering incurred by CHARLES HILL, as provided for under 42 U.S.C. §1983.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### FIFTH CAUSE OF ACTION
### (Wrongful Death - Negligence)
### (C.C.P. §377.60 and 377.61 )
(Against Officers CROWELL and LEE and DOES 1-50)

46. Plaintiff re-alleges and incorporates by reference herein paragraphs 1 through 45 of this Complaint, except for any and all allegations of intentional, malicious, extreme, outrageous, wanton, and oppressive conduct by Defendants, and any and all allegations requesting punitive damages.

47. Defendants and DOES 1-50 inclusive, by and through their respective agents and employees, proximately caused the death of Decedent CHARLES HILL, on July 3, 2011 as a result of their negligent conduct and/or negligent failure to act as set-forth herein.

48. As an actual and proximate result of said Defendants' negligence, Plaintiff incurred funeral and burial expenses, in an amount according to proof at trial.

49. Pursuant to California C.C.P. Sections 377.60 and 377.61, Plaintiff has brought this action, and claims damages from said Defendants for the wrongful death of Decedent, and the resulting injuries.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
### (Violation of Decedent's Right To Enjoy Civil Rights)
### (Violation of CALIFORNIA CIVIL CODE §52.1)
(Against Officers CROWELL and LEE and DOES 1-50)

50. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 49 of this Complaint.

51. Defendants' above-described conduct constituted interference, and attempted interference, by threats, intimidation and coercion, with decedent's peaceable exercise and enjoyment of rights secured by the Constitution and laws of the United States and the State of California, in violation of California Civil Code §52.1.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

52. Plaintiff hereby demands a jury trial in this action.

## PRAYER

1. For general damages in a sum of determined at trial;

2. For special damages, including but not limited to, past, present and/or future wage loss, income and support, medical expenses and other special damages in a sum to be determined according to proof;

3. For funeral and burial expenses according to proof;

4. For punitive damages and exemplary damages in amounts to be determined according to proof as to Defendants Chief KENTON RAINEY, Officers JAMES CROMWELL, MYRON LEE and/or DOES 1 through 50 and/or each of them;

5. For reasonable attorney's fees pursuant to 42 U.S.C. §1988;

6. For cost of suit herein incurred;

Dated: December 23, 2011

The Law Offices of John L. Burris

John L. Burris
Attorney for Plaintiff